**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4630**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWIGHT ANDRAE ALLEN, a/k/a C,

Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Elkins. Robert E. Maxwell, Senior
District Judge. (CR-04-04)

Submitted: May 19, 2006            Decided: June 21, 2006

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen G. Jory, JORY & SMITH, L.C., Elkins, West Virginia, for
Appellant. Stephen Donald Warner, OFFICE OF THE UNITED STATES
ATTORNEY, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Dwight Andrae Allen pled guilty to conspiracy to possess with intent to distribute and to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 846 (2000). The district court sentenced him to a mandatory minimum sentence of sixty months of imprisonment. Allen's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging Allen's sentence but stating that, in his view, there are no meritorious issues for appeal. Allen was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel asserts that the district court should have considered sentencing Allen using the guidelines applicable to powder cocaine because of the sentencing disparity created by the 100-to-1 ratio of crack to powder cocaine. Allen's argument is foreclosed by our decision in United States v. Eura, 440 F.3d 625, 633-34 (4th Cir. 2006) (holding that, after United States v. Booker, 543 U.S. 220 (2005), a sentencing court cannot vary from advisory sentencing range by substituting its own crack cocaine/powder cocaine ratio for the 100-to-1 ratio established by Congress). Counsel also suggests that the district court should have considered a sentence below the statutory mandatory minimum sentence by applying the safety-valve provision. However, "Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence. . . . [A] district court has

- 2 -

<u>no</u> discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction." <u>United States v. Robinson</u>, 404 F.3d 850, 862 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 288 (2005).

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Allen's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>